| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |

United States District Court
Southern District of Texas
**ENTERED**
June 29, 2020
David J. Bradley, Clerk

Janet Prim, *et al.*, §
§
　　　　Plaintiffs, §
§
*versus* § Civil Action H-18-1774
§
Montgomery County, Texas, *et al.*, §
§
　　　　Defendants. §

# Opinion on Summary Judgment

1.　*Introduction.*

　　Janet and Eric Prim were arrested for public intoxication while attending a concert at the Cynthia Woods Mitchell Pavilion in the Woodlands, Texas. Because Janet has multiple sclerosis, she and her husband sued the Pavilion, its employees, Montgomery County, and its officers for false arrest and discrimination under the federal Constitution, the Americans with Disabilities Act, and the Rehabilitation Act. They seek damages under theories of negligence, assault, and intentional infliction of emotional distress. The claims against the Pavilion defendants were dismissed. Montgomery County moved for a summary judgment. The Montgomery County defendants will prevail.

2.　*Background.*

　　Janet Prim and Eric Prim are married. For years, Janet has suffered from multiple sclerosis, a disease of the nervous system that can cause lack of coordination, loss of vision, dizziness, slurred speech, and other symptoms. Because of her MS, Janet has poor vision and relies heavily on her husband when her condition is aggravated.

　　On June 18, 2017, the Prims met their son and daughter-in-law at a restaurant where Janet and Eric each had at least two glasses of wine at the bar before meeting three friends for dinner. At dinner, twenty-two alcoholic beverages were ordered for the

five guests. Of these, the Prims each consumed, at the very least, two more glasses of wine. After dinner, the Prims and their three friends attended the outdoor concert at the Pavilion. During the concert, the Prims purchased at least two more bottles of wine to be shared with the group and Janet and Eric each drank at least two more glasses of wine.

John Harshaw, the Pavilion's security guard, noticed that Janet was stumbling and walking into walls as she and Eric were trying to leave the concert. When Harshaw approached, Eric assured him that Janet was simply blind and that the two were making their way home on foot. Concerned for their safety, Harshaw radioed a paramedic to bring a wheelchair for Janet.

While waiting for the wheelchair, Eric insisted that he and Janet would walk without assistance. Harshaw tried to explain to Eric, that for Janet's and others' safety, a wheelchair would be best. The exchange led to Harshaw escorting Eric to the Pavilion's security office and Janet to its medical office to be examined by the Pavilion's paramedic, Charles Tatom.

Tatom inspected Janet, and the Prims told him that Janet's instability was due to her MS. Tatom nonetheless suspected that Janet and Eric were intoxicated based on their slurred speech, the smell of alcohol on their breath, and the glazed and bloodshot look of Eric's eyes. He called the Montgomery County Sheriffs, Lieutenant Felicia Webb and Deputy Richard Stein. They were told about Janet's MS.

The officers observed Janet's unsteady gait, lack of coordination, tremors, and slurred speech and concluded that she was intoxicated. Eric asked for a breathalyser test but was denied. Instead, Stein did a horizontal gaze nystagmus test to gauge Eric's sobriety, which Eric failed after multiple attempts. Nonetheless, Eric insisted that he could walk himself and Janet home safely.

The Prims lived within walking distance, but would have to cross a busy intersection. The officers believed that allowing the Prims to walk home might result in an accident, so they asked the Prims if there was anyone who could give them a ride. The Prims said no and asked to contact their son, but they did not have a phone and could not remember their son's phone number. Tatom offered to call an ambulance to take them home safely, but the Prims refused to give their home address. Consequently,

the Prims were arrested and jailed for public intoxication. Eight hours later, they were released and the charges were dropped.

The Prims sued Montgomery County, the Center for Performing Arts, Live Nation Worldwide Inc., Lieutenant Webb, Deputy Stein, Detective Audrey Terrell, and Harshaw. All claims against the Pavilion defendants were dismissed.

The surviving claims are against Montgomery County and its officers for false arrest and discrimination under the Fourth Amendment of the United States Constitution,[1] the Civil Rights Act of 1871,[2] the Americans with Disabilities Act,[3] and the Rehabilitation Act.[4]

3. *Americans with Disabilities Act and Rehabilitation Act.*

Montgomery County did not violate the ADA or the Rehabilitation Act. Title II of the ADA prohibits a government agency from discriminating against someone for being disabled.[5] Section 504 of the Rehabilitation Act prohibits recipients of federal funding from doing it.[6] Both statutes ensure that no person is denied the benefits of public services, programs, or activities just because they are disabled.

The Prims say that Montgomery County discriminated against Janet for having MS when the officers arrested her. They say that Janet was disoriented not because of intoxication, but because the bright lights and loud music at the concert aggravated her symptoms. The Prims say that Montgomery County denied Janet the "provision of public services" and failed to modify its operations for those with symptoms of MS.

The Prims' arguments fail for three reasons. First, Janet was not arrested for having MS; she was arrested for being publically intoxicated. Although the Prims

---

[1] U.S. Const. amend. IV.

[2] 42 U.S.C. § 1983.

[3] 42 U.S.C. § 12132.

[4] 29 U.S.C. § 794.

[5] *Barnes v. Gorman*, 536 U.S. 181, 184-85 (2002).

[6] *Id.*

notified the officers that Janet suffered from MS, no facts suggest that that was the reason she was arrested. To the contrary, the officers showed concern for Eric and Janet's safety because the couple insisted on walking home despite exhibiting ample signs of intoxication. For example, the Prims were not immediately arrested. Instead, the officers made several attempts to coordinate a ride for them, but the Prims either refused to cooperate or were unable to recall their son's phone number. Left with no other option, the officers arrested them.

Second, Janet was not denied the provisions of public services because of her disability. Arresting someone for being publically intoxicated is a service to the public at large, not the arrestee. Janet's ADA and Section 504 claims also fail because she merely recites abstract elements of a claim while giving no facts to support an injury other than the humiliation and discomfort experienced by a person placed in custody. Nor does she give any facts showing a condition of the jail that was potentially harmful to someone suffering from MS specifically.

Last, the officers are immune from liability even if they mistook Janet's MS symptoms for intoxication. Because police officers must enforce the law in real time, they are afforded substantial leeway when the legality of their actions is assessed in hindsight. Thus, an officer is entitled to qualified immunity unless the officer's actions were objectively unreasonable in light of the circumstances and clearly established law.[7] To argue that the officers clearly violated the ADA or Section 504 is to claim that Janet's MS precludes her from being arrested for public intoxication. The arrest was founded on probable cause and did not clearly violate statutory or constitutional law.

4.   *False Arrest.*

Neither Janet nor Eric Prim's Fourth Amendment rights were violated. An arrest can be supported by a warrant or probable cause. An officer has probable cause when the facts and circumstances within her knowledge are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense.[8]

---

[7] *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

[8] *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979).

The Prims say that there is a "fact issue" of whether a reasonable officer would have arrested them for anything, including public intoxication. They say that their constitutional rights were violated when they were searched, detained, and arrested with neither a warrant, probable cause, nor reasonable suspicion. They also say that the officers had no objectively reasonable belief that the arrest was lawful.

The Prims' theories are unavailing. First, the Prims mischaracterize the dispute by contesting whether the evidence shows that they were, in fact, intoxicated when arrested. For example, they contest the details of how many drinks were purchased, who paid for them, how many each consumed, and over what time-span. That data, however, misses the point because the question is not whether the Prims were actually intoxicated but whether the officers *reasonably believed* they were.

Second, the officers had probable cause to arrest Janet and Eric Prim. The question is whether a reasonable person at the time could have concluded that the Prims were intoxicated. The Prims drank before dinner, at dinner, and at the concert. After noticing that Janet was having trouble walking and maintaining balance, Harshaw directed the Prims to the medical and security offices and told his supervisor that the two might be intoxicated. The Pavilion notified the police, informing them of Janet's disability and that she and Eric also appeared intoxicated.

Both Stein and Webb observed that Eric's eyes were bloodshot or glazed over, his speech was slurred, and that his breath smelled of alcohol. It is undisputed that Eric was unable to complete a horizontal gas nystagmus test because he could not follow Stein's instructions. At the medical office, Janet even admitted to drinking. Both Terrell and Webb observed that Janet was belligerent, unstable, slurring her words, had red eyes, and could not properly answer questions.

Under those circumstances, the officers reasonably concluded that the Prims were intoxicated and arrested them. The arrest was supported by probable cause and no constitutional or statutory rights were violated.

5. *Conclusion.*

After an evening of drinking, Janet Prim had trouble walking as she and Eric Prim were leaving a concert. Officers of Montgomery County were notified and, upon

closer inspection and conversation, they reasonably concluded that Janet and Eric were under the influence of alcohol.

Given the circumstances, the officers could have immediately arrested them for public intoxication, but instead they explored alternatives for getting the couple home safely. The Prims were ultimately arrested because they were either unwilling or incapable of complying with the officers. Although Janet has multiple sclerosis, the arrest was not motivated by her disability but founded on the obvious fact that she was publically intoxicated. Janet cannot recover under the Americans with Disabilities Act or the Rehabilitation Act by blurring the lines between the symptoms of intoxication and that of multiple sclerosis. Janet and Eric Prim will take nothing from Montgomery County, Texas, Felicia Webb, Richard Stein, or Audrey Terrell.

Signed on June 29, 2020, at Houston, Texas.

Lynn N. Hughes
United States District Judge